IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02039-BNB

RICKY MERTES,

    Plaintiff,

v.

MARIA BERKENKOTTER,
ROXANNE BALIN,
COLORADO 20TH JUDICIAL DISTRICT,
STATE OF COLORADO,
COLORADO COURT OF APPEALS,
COLORADO JUDICIAL PERFORMANCE,
COLORADO BAR ASSOCIATION,
DR. EDITH ISREAL,
IRA GRESCHLER, and
BRIAN DURNWIRTH,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 23 2009

GREGORY C. LANGHAM
                 CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, Ricky Mertes, currently resides in Windsor, Colorado. Mr. Mertes initiated this action by filing a *pro se* Complaint. On August 27, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Mertes to file an Amended Complaint on the proper form. Mr. Mertes filed an Amended Complaint on September 17, 2009, and a Second Amended Complaint on September 28, 2009.

The Court must construe the Second Amended Complaint liberally because Mr. Mertes is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. Mertes appears to be challenging the validity of a divorce decree and child custody orders entered in Boulder County, Colorado, district court case No. 05DR71. He asks that all orders entered in the divorce case be vacated, that the State of Colorado review any order entered by Defendant Judge Maria Berkentotter in any case, that Defendant Berkentotter to be removed from his case, that all named Defendants be investigated for fraud, corruption, and incompetence, and for money damages.

First, to the extent Mr. Mertes is attempting to initiate a federal criminal prosecution pursuant to 18 U.S.C. §§ 241 and 242, he seeks to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. He may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent he is attempting to do so, Mr. Mertes lacks standing to maintain a criminal action.

Second, pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

Despite the fact that Mr. Mertes asserts federal question jurisdiction pursuant to 18 U.S.C. § 1581, this allegation does not end the Court's analysis of the Court's subject matter jurisdiction. The Court has examined the complaint filed in this action and finds that the Court lacks subject matter jurisdiction because Mr. Mertes is asking the Court to review the state court divorce decree and child custody orders.

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in

substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. See *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. See *Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." See *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Mr. Mertes is asking this Court to vacate all orders entered by the state court during the divorce proceeding, which would require the Court to review the state court judgment. Therefore, the Court finds that the complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. See *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).

Further, the state court divorce action involves important state interests. The

Supreme Court has stated that "'[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders. *Ankenbrandt*, 504 U.S. at 703. Accordingly, it is

ORDERED that the Complaint, Amended Complaint, Second Amended Complaint, and the action are dismissed without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 23 day of Oct., 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-02039-BNB

Ricky Mertes
555 Trailwood Cir.
Windsor, CO 80550

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/23/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk